## HOUSEHOLD FINANCE CORP.
### vs.
### Clyde E. PHIPPS
### and
### CLIFF COMPTON, INC., TRUSTEE

### No. 38553

District Court Department
Trial Court of the
Commonwealth of Massachusetts

November 21, 1980

## ORDER AND MEMORANDUM OF DECISION ON MOTION FOR APPROVAL OF TRUSTEE PROCESS TO ATTACH WAGES

This is a motion by a judgment creditor, seeking to attach wages due the defendant from his employer, as now authorized by Rule 4.2 of the Mass Rules of Civil Procedure. Because of a conflict between existing practices in this Commonwealth and applicable Federal law, the court is constrained to deny the motion.

The complaint alleges that the plaintiff has a judgment in its favor in the sum of $1,187.06, execution for this amount having issued on 9/25/80. By affidavit dated 10/24/80 filed in support of its motion to attach, the plaintiff asserts that the sum remains unpaid notwithstanding demand, that the trustee holds monies or credits due the defendant for "wages of personal labor or services", and that the "plaintiff has no knowledge of other assets of the defendant that can be used to satisfy any Judgment." The plaintiff moves for an attachment in the amount of $1,400.00. Had the motion been allowed current practice would have called upon the plaintiff's counsel to complete a summons to Trustee in the form appearing in Form 2A of the Appendix of Forms promulgated as an illustration of the procedural requirements of the Rules. Rule 4.2 requires that a prospective trustee be notified "if wages are sought to be attached" of such amount of wages as are by law exempt from attachment" and that the trustee is directed to pay over to the

defendant the exempted amount.

The summons described in Form 2A of the Appendix of Forms does, indeed contain the following paragraph:

"If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal services of said defendant you are hereby notified that moneys not exceeding $125. per week of such wages are exempt from this attachment and you are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made."

The Rule and Commentary contain provisions of G.L. c. 246 Section 32 as more recently amended by St. 1977 c. 371, Section 1. The present difficulty arises from the fact that a statute of the United States imposes requirements (exempting sums of money due wage earners from attachments) that are not co-extensive with those imposed by the Commonwealth. While the form of summons in use, Form 2A, takes account of the state limitation it is silent as to the existence or applicability of the Federal limitation.

The existence of the Federal statute has clearly not been noted, at it has not been addressed by it and neither by the Appendix of Forms. Indeed, the various commentators who have described Trustee Process seem oblivious to the existence of the Federal statutory authority.

See, Smith and Zobel, Rules Practice, Section 4.2, Nolan, Civil Practice Section 178, in the discussion Trustee and Forms Annotated, Section 14.2, Dolison, Methods of Practice Second District (Pocket Part by Alperin, Section 1018, Simpson and Alperin Summary of Basic Law, (1980) Pocket Part, Section 1, 3-1. Slperin (Author Does, however, take notice of the Federal law in this Consumer Rights and Remedies, Section 293, fn. 52 (all six texts are in the familiar Mass. Practice Series).

See, also, Makarce Manual for District Court Clerk Magistrates, Post p. 13 which also cites the Federal Law.

The Federal restriction appears in Title 15, Section 1673 of the United States Code and has been in effect since 1968. It provides with some exceptions not presently pertinent, "the maximum part of the aggregate disposable earnings of an individual for any workweek which is not subjected to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by Section 206(a)(1) of title 29 in effect at the time the earnings are payable, whichever is less."

"Disposable earnings" is defined in Section 1673 to mean "that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required by law to be withheld."

There are several features of the statute which demonstrate the existence of a strong underlying Congressional policy. One is the set of findings and declaration of purpose, which begins as follows (Section 1671): "... The unrestricted garnishment of compensation due for personal services encourages the making of predatory extensions of credit ..." (The rest of the section indicates the Congress acted with regard not only to interstate commerce but also with respect to national uniformity of bankruptcy laws, thus extending the reach of the enactment to all employment including purely local employers).

Another is the express command directed

---

[*] ... the language of payment in the Form is more ... than the peremptory command in the Rule ... directs to the time of payment of the exempt ...

[*] ... under Rule 14.2 (it refers broadly to ... exempted by law exempt from attachment" ... as applied) and does not in terms conflict with the Federal enactment.

[*] ... in hinting, however, that plaintiff's counsel in this ... was fully aware of the Congressional enactment ... as it appeared during oral argument, but was ... it may avail himself of the process in use whether ... is concerned with national policy.

to all courts as appearing in Section 1673 (c): "No court of the United States or any State may make, execute, or enforce any order or process in violation of this section."

(It is this section which moves this court to act now rather than to follow the more modest course of awaiting advice from those responsible for considering the application of the Rules and supporting Forms to new problems as they are raised, even in the absence of an appearance by the defendant.)

In this Commonwealth there has been no discussion of the issue in published decisions and practically no treatment in the law reviews with the exception of Moran, Relief for the Wage Earner: Regulation of Garnishment Under Title III of the Consumer Credit Protection Act, Boston College Industrial and Commercial L. Rev. November, 1970, p. 10 let passim. (The author was at that time Administrator of the Wage and Hour Division of the Department of Labor, the official charged with enforcement. See Section 1676.)

Other discussion may be found in Am. Jur. 2nd, Section 164, and 14 ALR Fed. 447-457.

It is important to note that under some hypothetical situations the Commonwealth restrictions may be more favorable to the wage earner than those enacted by Congress. In such an eventuality, the State limitation would apply, 15 USCS, Section 1677. See State Nat. Bank v. Fryman, 272 N.E. 2nd 217 (1971). Given the refined calculations necessary to determine whether Federal or State standards shall control in a given case, it is difficult to understand how the putative trustee is to make the determination. It seems to the undersigned, in the light of the strong public policy involved, that the court process must on its face clearly define the exemptions to which the debtor is entitled. The present Form proposed to be used by the plaintiff (printed, it must be acknowledged by the court itself) simply fails to embody in any intelligible form the interplay of the respective Federal and State policies.

In order to give the plaintiff an opportunity to seek further review its motion is denied, by reason of the Court's ruling that the existing process is unlawful. In this Court's view this order is a final disposition of this case to the extent that the plaintiff is entitled to claim a report and seek review in the Appellate Division or such other Court as it deems appropriate.

Lawrence D. Shubow
Justice